UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: METHOD OF PROCESSING ) | |
| ETHANOL BYPRODUCTS AND ) | Master Docket: |
| RELATED SUBSYSTEMS ('858) ) | 1:10-ml-02181-LJM-DML |
| PATENT LITIGATION ) | |

## ORDER ON MOTION TO AMEND

This matter comes before the Court on plaintiff, CleanTech Corporation's ("CleanTech") motion to Amend the Complaint to Add U.S. Patent 8,008,516 (the "'516 Patent") [master dkt. nos. 136, 138, 140, 142, 144, 146, 148, 150, 152, 154, 156]. The Court has reviewed the briefing on this matter and for the following reasons **GRANTS** CleanTech's motion [master dkt. nos. 136, 138, 140, 142, 144, 146, 148, 150, 152, 154, 156].

CleanTech seeks to add the '516 Patent to its Complaint, which is a continuation patent of the patent in suit, U.S. Patent 7,601,858 ("the '858 Patent") and is directed to the same technology.

A motion to amend a pleading is a procedural matter governed by the law of the regional circuit. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2008). Accordingly, the Court recites the standard for determining the resolution of a motion to amend a pleading as enunciated by the Seventh Circuit. A plaintiff should be granted leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend is "inappropriate when there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility

of amendment." *Feldman v. Am. Mann. Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999). "The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (internal quotations omitted).

In the instant case, there has been no undue delay, bad faith, or dilatory motive. The '516 Patent issued on August 30, 2011. CleanTech filed its Motion to Amend on September 2, 2011. Further, the proposed amendment serves the goal of furthering the efficient adjudication of this case because the '516 and '858 Patents are directed to similar technology and involve similar claim terms. Finally, at the time motion was filed discovery had not yet commenced and, accordingly, prejudice resulting from the amendment to defendants, at least with respect to time an energy expended upon the discovery process, would be nil.

Three defendants, Iroquois Bio-Energy Company, LLC ("Iroquois"), Adkins Energy LLC ("Adkins"), and ICM, Inc. object to CleanTech's motion for separate reasons. The Court will address each party's objections in turn.

First, the Court turns its attention to the objections stated by Iroquois. Iroquois points out that CleanTech's proposed new complaint is not an amendment under Rule 15(a), but instead it is a "supplemental pleading" under Rule 15(d). However, the Rule 15(a) standard for motions to amend the pleadings also applies to Rule 15(d) motions to supplement the pleadings. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). As discussed above, CleanTech's proposed amendment does meet the standard for amending a pleading under Rule 15(a).

2

Iroquois further stresses that CleanTech's proposed amendment cannot relate back to the date of the original Complaint under Rule 15(c). However, relation back is not an issue in this case as Iroquois has not made any claim that the statute of limitations has run on CleanTech's claims. Finally, without citation, Iroquois states that CleanTech has not made any showing that its supplemental pleading comports with the "new patent reform act which became law on September 16, 2011." It is not sufficient for Iroquois to baldly state that CleanTech's proposed amendment does not comport with the law. The Court concludes that Iroquois has not presented any objection sufficient to overcome the permissive amendment standard under Federal Rule of Civil Procedure 15(a).

Adkins objects to CleanTech's Motion to Amend on the grounds that filing such a claim with be a direct breach of CleanTech's alleged commitment not to sue for patent infringement relating to Adkins's corn oil extraction system. Essentially, Adkins styles its contract complaint as an objection to CleanTech's amendment. Adkins's Response to CleanTech's motion to amend is not the proper forum to litigate its contract dispute. Accordingly, the Court concludes that Adkins has not presented any objection sufficient to prevent the Court from granting CleanTech leave to file its proposed amendment.

Finally, ICM opposes CleanTech's Motion to Amend on the grounds that it seeks to add David J. Vander Griend personally as a defendant well outside of the Court's designated guideline for adding new parties, because it may be futile depending on the outcome of a motion pending in the District Court of the District of Kansas, and finally because CleanTech's amendment only seeks to add one of two newly issued continuation patents of the '858 Patent. In its Response to CleanTech's Motion to Amend, ICM also

3

supports its motions to dismiss David J. Vander Griend as a party and to amend ICM's Second Amended Complaint for declaratory judgment. The Court will address ICM's motion to dismiss and its motion to amend in Order that will issue separately.

As an initial matter, the Court notes that Mr. Vander Griend is currently a party to this action. Accordingly, CleanTech's motion to amend is not seeking to add him as a party. Additionally, CleanTech is not required to assert any particular patent, and its choice to assert one patent does not preclude its decision not to assert another. Finally, although it is well settled that a district court may refuse leave to amend where an amendment would be futile, *see Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), ICM's futility argument is too attenuated to preclude CleanTech's proposed amendment. That the motion may be futile depending upon how a pending motion in a related case is resolved is not a strong enough argument to prevent the Court from granting CleanTech leave to make the proposed amendment. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (stating that an amendment is futile where it restates the same facts using different language, reasserts a claim previously determined, or where it fails to state a valid theory of liability, or could not withstand a motion to dismiss).

For the foregoing reasons, the Court **GRANTS** CleanTech's Motion to Amend the Complaint to Add U.S. Patent 8,008,516 [master dkt. nos. 136, 138, 140, 142, 144, 146, 148, 150, 152, 154, 156].

IT IS SO ORDERED this 6th day of February, 2012.

Distribution to All Counsel of Record.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana