UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: METHOD OF PROCESSING ETHANOL BYPRODUCTS AND RELATED SUBSYSTEMS ('858) PATENT LITIGATION | No. 1:10-ml-02181-RLM-DML |
| RELATED CASES: | |
| 1:10-cv-00180-LJM-DML | |
| 1:10-cv-08000-LJM-DML | |
| 1:10-cv-08001-LJM-DML | |
| 1:10-cv-08002-LJM-DML | |
| 1:10-cv-08003-LJM-DML | |
| 1:10-cv-08004-LJM-DML | |
| 1:10-cv-08005-LJM-DML | |
| 1:10-cv-08006-LJM-DML | |
| 1:10-cv-08007-LJM-DML | |
| 1:10-cv-08008-LJM-DML | |
| 1:10-cv-08009-LJM-DML | |
| 1:10-cv-08010-LJM-DML | |
| 1:13-cv-08012-LJM-DML | |
| 1:13-cv-08013-LJM-DML | |
| 1:13-cv-08014-LJM-DML | |
| 1:13-cv-08015-LJM-DML | |
| 1:13-cv-08016-LJM-DML | |
| 1:13-cv-08017-LJM-DML | |
| 1:13-cv-08018-LJM-DML | |
| 1:14-cv-08019-LJM-DML | |
| 1:14-cv-08020-LJM-DML | |

## OPINION AND ORDER

In 2016, the court entered judgment against the plaintiffs, CleanTech Co. and GreenShift Corp., and in favor of the defendants. Several defendants then filed bills of costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Those bills of costs, and plaintiffs' objections them, are before the court.

1

Discussion

## I. Federal Rule of Civil Procedure 54(d)(1)

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party." Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." Rivera v. City of Chi., 469 F.3d 631, 634 (7th Cir. 2006). A court awarding costs considers "whether the cost imposed on the losing party is recoverable" and "if so, whether the amount assessed for that item was reasonable." Majeske v. City of Chi., 218 F.3d 816, 824 (7th Cir. 2000). Recoverable costs include: (1) clerk and marshal fees, (2) transcript fees, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920(1)-(6). The plaintiffs object that some of the requested costs aren't recoverable, and that others aren't reasonable.

## II. Depositions

CleanTech and GreenShift argue that the defendants shouldn't recover any costs for the deposition transcripts, or in the alternative, that the court should remove the costs of some depositions and reduce the award for the remaining depositions to the amount that reflects an appropriate per page cost. They first contend that the defendants could have shared the cost of transcripts with the other defendants, so the court shouldn't award any costs for transcripts. CleanTech and GreenShift have come forward with no authority that requires

defendants represented by separate attorneys to share the cost of a transcript. The court finds that the choice to independently order transcripts rather than coordinate with other defendants was reasonable and necessary. The plaintiffs also argue that no defendant provided sufficient documentation relating to the transcripts because the invoices don't separate out incidental charges such as late fees, conference room costs, and court reporter travel. Because the court thinks that the incidental charges are necessary and reasonable, as explained later, failure to separate those charges out from the cost of the transcript doesn't make the documentation insufficient.

*A. Deposition transcript of Charlie O'Brien*

CleanTech and GreenShift object to Aemetis, Inc., Aemetis Keyes, Homeland, Pacific Ethanol, and Pacific Ethanol Stockton recovering costs for the deposition transcript of Charlie O'Brien because the transcript was ordered by all five of the parties that Brown Winnick jointly represented. A choice to order a separate transcript for each party represented by the same attorney would be unreasonable and unnecessary. The defendants responded that they had only ordered a single copy of the transcript and the cost of that transcript was split equally between the five clients. The defendants didn't submit any documentation to demonstrate that they split the cost of a single transcript, but the low cost reflects that the defendants did split the cost. The court will tax the total cost to the plaintiffs.

3

*B. Deposition Transcript of Andrew Dorisio*

CleanTech and GreenShift object to Aemetis, Inc., Pacific Ethanol Stockton, and Homeland recovering costs for the deposition transcript of Andrew Dorisio because the transcript was ordered by three parties that Brown Winnick jointly represented. For the same reasons that it awarded the full cost of the transcript of Mr. O'Brien's deposition, the court will tax the full costs the transcript of Mr. Dorisio's deposition.

*C. Copies of Transcripts of Other Deponents*

CleanTech and GreenShift argue that the defendants shouldn't be able to recover costs for copies of depositions of the executives of other defendants or their own employees. The court doesn't agree. It was reasonable and necessary for the defendants to understand the prospective testimony of the executives of other parties to the suit. The court of appeals has rejected the claim that it is unnecessary for a party to obtain a transcript of its own employees' deposition. *See* Cengr v. Fusibond Piping Sys., 135 F.3d 445, 455 (7th Cir. 1998). The court will tax the plaintiffs for both of these categories of transcripts.

They also object that ICM, Inc. shouldn't recover for the cost of deposition transcripts of Stan Janson and Jim Leiting because ICM didn't attach an invoice for the transcripts. ICM provided documentation for the expense, so the court will tax the plaintiffs for these transcripts.

D. *Per Page Cost of Deposition Transcripts*

CleanTech and GreenShift next argue that the defendants' recovery should be limited to $3.65/page for original certified transcripts, and $0.90/page for certified copies. The Judicial Conference has set a maximum rate for contract court reporter services. The defendants maintain that, in the Southern District of Indiana, the district court may award costs for transcripts in excess of that maximum rate. The court agrees that it has discretion to award costs at a rate higher than the minimum, but finds that the per page cost requested by the defendants isn't reasonable. The court reduces the awards so that the cost per page is $3.65/page for original certified transcripts, and $0.90/page for certified copies.

ICM responded to the plaintiffs' objection to the per page cost by asserting that they calculated the cost wrong because ICM ordered both an original transcript and a certified copy. While some courts have allowed the prevailing party to recover costs for multiple copies of the same deposition transcript, *see e.g.* Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC, No. 07 CV 623, 2014 U.S. Dist. LEXIS 4701, at *9 (N.D. Ill. Jan. 14, 2014); others have not, *see e.g.* In re Text Messaging Antitrust Litig., No. 08 C 7082, 2014 U.S. Dist. LEXIS 121804, at *24 (N.D. Ill. Sep. 2, 2014). Since ICM hasn't shown that additional copies of the deposition transcripts were necessary, the court won't tax them against the plaintiffs.

ICM also argues that CleanTech and GreenShift improperly removed the indices from the page count when calculating the per page rate. Courts in this

5

circuit are split as to whether indices are recoverable under § 1920. Some courts have taken the position that indices "are an integral part of the deposition transcript" and so are recoverable. *See, e.g.,* White v. City of Chi., No. 11 C 7802, 2015 U.S. Dist. LEXIS 36084, at *9 (N.D. Ill. Mar. 23, 2015). Other courts have allowed recovery when the prevailing party used the indices. *See, e.g.,* Pope v. Espeseth, Inc., No. 15-cv-486-jdp, 2017 U.S. Dist. LEXIS 197559, at *2 (W.D. Wis. Dec. 1, 2017). Still others have regarded indices as unnecessary costs expended for the convenience of counsel. *See, e.g.,* Porter v. City of Chi., No. 8 C 7165, 2014 U.S. Dist. LEXIS 105232, at *6 (N.D. Ill. Aug. 1, 2014). The court is persuaded that, generally, indices are ordered for the convenience of counsel. Beyond citing to favorable cases, ICM has provided no argument as to why indices were reasonable and necessary in this case. The court won't tax their costs on the plaintiffs.

*E. Costs Incidental to the Depositions*

CleanTech and GreenShift contend that they shouldn't be taxed for deposition services, but reasonable costs incidental to a necessary deposition may be taxed against the losing party. Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995). The court finds that apart from GEA's late fees (discussed below), the incidental costs that the defendants incurred are reasonable and recoverable.

6

*F. Late fee*

District courts in this circuit have declined to include late fees in an award of costs. *See* Borom v. Town of Merrillville, 857 F. Supp. 2d 785, 790 (N.D. Ind. 2012); Youngman v. Kouri, No. 16-cv-1005, 2018 U.S. Dist. LEXIS 134235, at *4 (C.D. Ill. Aug. 9, 2018). GEA has offered no explanation for the late fees, and the court finds that the late fees aren't reasonable. The court won't tax them against the plaintiffs.

*G. Video Depositions*

CleanTech and GreenShift object to the taxation of costs for video depositions. As a preliminary matter, ICM argues that the plaintiffs waived their objection to the cost of video depositions by failing to object at the time of the depositions. ICM cites Bryant v. Trexler Trucking, Inc., Civil Action No. 4:11-cv-02254-RBH, 2013 U.S. Dist. LEXIS 68831, at *9 (D.S.C. May 15, 2013) and Massey, Inc. v. Moe's Sw. Grill, LLC, No. 1:07-CV-00741-RWS, 2015 U.S. Dist. LEXIS 135236, at *10 (N.D. Ga. Oct. 5, 2015) to support its assertion. Both cases are based on Morrison v. Reichhold Chems., 97 F.3d 460, 465 (11th Cir. 1996), in which the court determined that an award of costs for a video deposition was appropriate when the other party didn't object to the video deposition at the time, but the analysis didn't end there. The court continued, "[w]e must decide whether the copies of the videos obtained by Reichhold were 'necessarily obtained for use in the case.'" Id. (citing 28 U.S.C. § 1920(2)). Based on this reasoning, CleanTech and GreenShift didn't waive their objection that video

7

depositions weren't reasonable and necessary by not objecting at the time of the depositions.

ICM also argues that video depositions are always reasonable and necessary in patent cases. Courts in this circuit appraise on a case by case basis whether video depositions were reasonable and necessary in patent cases, and several have not awarded costs for video depositions in patent cases. *See e.g.*, Cascades Comput. Innovation, LLC v. Samsung Elecs. Co., No. 11 C 4574, 2016 U.S. Dist. LEXIS 18324, at *12 (N.D. Ill. Feb. 16, 2016); Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC, No. 07 CV 623, 2014 U.S. Dist. LEXIS 4701, at *14-15 (N.D. Ill. Jan. 14, 2014); Endotach LLC v. Cook Med. LLC, No. 1:13-cv-01135-LJM-DKL, 2016 U.S. Dist. LEXIS 30712, at *8 (S.D. Ind. Mar. 10, 2016). The court must decide whether the video depositions in this case were reasonable and necessary.

CleanTech and GreenShift argue that the defendants didn't demonstrate that the video depositions were reasonable or necessary. As the defendants note, the court can award costs for both video depositions and transcripts if reasonable and necessary. Little v. Mitsubishi Mortors N. Am., Inc, 514 F.3d 699, 702 (7th Circ. 2008). "A prevailing party may establish the reasonableness of obtaining a videotaped deposition if there is an uncertainty of whether the witness will appear for trial." Artunduaga v. Univ. of Chi. Med. Ctr., No. 12 C 8733, 2017 U.S. Dist. LEXIS 56350, at *6 (N.D. Ill. Apr. 13, 2017).

Some of the defendants argue that it was reasonable and necessary to obtain copies of the video for video depositions that were noticed by the plaintiffs.

8

The court doesn't agree. While it was necessary for the defendants to know what was said at the deposition, a video copy wasn't necessary. Two defendants, Iroquois Bio-Energy and Al-Corn Clean Fuel, provided an argument that there was sufficient uncertainty that David Cantrell would be available for trial because of issues with his health. The court agrees that Mr. Cantrell's health issues made it reasonable and necessary for the defendants to obtain copies of his video deposition, and will award the cost to Iroquois Bio-Energy and Al-Corn Clean Fuel. Al-Corn Clean Fuel also generally asserts that David Winsness, Greg Barlage, Kevin Kreisler, Jay Sommers, and Jerry Dyer might not have made themselves available to testify because they weren't parties or were adverse expert witnesses, and that a video deposition was thus reasonable and necessary. The court doesn't agree that the mere fact that the witnesses weren't parties or were adverse expert witnesses made these video depositions reasonable and necessary. Since Al-Corn provided no additional reasons to anticipate the witnesses' unavailability at trial, the court won't tax plaintiffs for the video depositions.

Lincolnway argues that it should recover costs for all video depositions because some of the deponents were outside the court's subpoena power. A party is not entitled to costs for video depositions simply because the deponents are outside the court's subpoena power, and courts in the circuit have frequently refused to tax their costs against a losing party. *See, e.g.* Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., No. 07 C 623, 2014 U.S. Dist. LEXIS 4701, 2014 WL 125937, at *4 (N.D. Ill. Jan. 14, 2014); Trading Techs. Int'l Inc. v. eSpeed, Inc.,

9

750 F. Supp. 2d 962, 976 (N.D. Ill. 2010); Clearlamp, LLC v. LKQ Corp., No. 12 C 2533, 2016 U.S. Dist. LEXIS 164705, at *8 (N.D. Ill. Nov. 29, 2016); Life Plans, Inc. v. Sec. Life of Denver Ins. Co., 52 F. Supp. 3d 893, 898 (N.D. Ill. 2014). Lincolnway provided additional support as to why Thomas Czartoski and Neal Hammond might be unavailable: they were nonparties who were also outside of the court's subpoena power. Given that combination, the court agrees that it was reasonable and necessary for Lincolnway to obtain copies of the video deposition of Mr. Czartoski and Hammond, so it will tax their costs.

### III. Service of Summons and Subpoenas

CleanTech and GreenShift assert that the recovery of cost for service of summons and subpoenas should be limited to what would have been expended if the U.S. Marshals Service effectuated the process. Some defendants argue that the use of a private server was reasonable and necessary, but the law in this circuit is clear. When the prevailing party used a private process server, the party may only be awarded costs measured by the marshal's fees. Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996). The court reduces each of the defendants' requested fees for service of process to the fees which the Marshal service would have charged. The Marshal's charge is set by regulation at $65 per hour plus travel costs and any other out of pocket expenses. Where the defendants provide no information beyond the summons or subpoenas served, the court will tax the plaintiffs only $65 per service or the actual cost, whichever is lower.

IV. Exemplification and Copying

CleanTech and GreenShift argue that the court shouldn't award several defendants any printing costs because they didn't make a showing as to what the reproductions were for and why they were reasonable and necessary. The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying cost." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). Instead, the party must "provide the best breakdown obtainable from retained records." Id.

CleanTech and GreenShift argue that GEA Mechanical Equipment, Bushmill Ethanol, Chippewa Valley Ethanol Company, and United Wisconsin Grain Producers shouldn't recover cost for copying. Those defendants have provided some details, such as number of pages and the charge, but their submission doesn't describe what was copied nor are the documents identified elsewhere in the bill of costs. As a result, the court can't determine whether the copies were necessary for use in this matter, and the court won't award their cost.

CleanTech and GreenShift also argue that Al-Corn's recovery of costs for copying should be limited to one set of copies. They contend that Al-Corn hasn't shown that the twelve-copy sets weren't made solely for the convenience of counsel. Al-Corn counters that the copies were used at the deposition of two of the plaintiffs' witnesses, and that twelve sets were needed to provide a copy to the witnesses and the counsel present for the deposition. The court agrees with

Al-Corn that the twelve sets were necessary and reasonable, and will tax their cost to the plaintiffs.

CleanTech and GreenShift argue that Lincolnway Energy shouldn't recover the $78.49 spent on black and white blow backs. Lincolnway doesn't explain the content or purpose of the blow backs, so the court won't tax them against the plaintiffs.

CleanTech and GreenShift argue that Heartland Corn Products shouldn't recover $358.61 in copying costs. One invoice in the bill of costs identifies the documents copied as copies of articles of incorporation. Those copies were reasonably necessary for use in this matter and the court will award their cost. The other invoices don't identify what was copied nor are the documents identified elsewhere in the bill of costs. As a result, the court can't determine whether the copies were necessary for use in this matter, and the court won't award their cost.

CleanTech and GreenShift argue that Lincolnway Energy shouldn't recover $743.34 in exemplification and copying costs. Lincolnway Energy attached an invoice to the bill of costs that attributes the expense to production of discovery. The court finds that the cost is reasonably necessary for use in this matter and will tax it against the plaintiff.

CleanTech and GreenShift object to an award for Iroquois Bio-Energy's exemplification material. Iroquois spent $551.05 to produce a poster for the *Markman* hearing and laminated and mounted posters to be used at trial. The

court finds that those expenses were reasonable and necessary given the complexity of the case.

V. Witness fees

CleanTech and GreenShift object to an award for witness travel expenses to ICM because ICM hasn't provided any documentation for those expenses. ICM responds that the travel expenses are reasonable. The award of costs for witness fees under § 1920 is controlled by 28 U.S.C. § 1821. In addition to a daily witness fee, § 1821(c)(2) allows for a travel allowance that equals the mileage allowed under Administrator of General Services regulation. The current rate per mile is $0.58. (https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates)(accessed on December 19, 2019). The court is entitled to accept the prevailing party's representation that it has complied with the statute in its calculation, <u>SK Hand Tool Corp. v. Dresser Indus., Inc.</u>, 852 F.2d 936, 944 (7th Cir. 1988), but ICM provided the miles traveled for one witness- David Cantrell. Mr. Cantrell travelled 55 miles round trip, and ICM paid him $63.26 in mileage. This works out to a rate of $1.15 per mile, which is almost twice the allowable rate. Based on this calculation, the court will reduce the award of mileage costs to 1/1.98 of ICM's request.

VI. Electronic Records and research

Iroquois Bio-Energy maintains that it should be able to recover costs for searches of electronic records and legal research. Fees for searching electronic records and for research aren't recoverable under § 1920, but must be sought in a motion for attorneys fees. Haroco, Inc. v. Am. Nat'l Bank & Tr. Co., 38 F.3d 1429, 1440-1441 (7th Cir. 1994). The court won't tax these costs against the plaintiffs under § 1920.

VII. Postage and conference calls

Iroquois Bio-Energy maintains that it should be able to recover costs for Federal Express charges and conference calls. Costs for Federal Express charges and conference calls aren't recoverable under § 1920. Wahl v. Carrier Mfg. Co., 511 F.2d 209, 217 (7th Cir. 1975). The court won't tax these costs against the plaintiffs under § 1920.

VIII. Awards

The following charts summarize the result of each of the plaintiffs' objections to the defendants' bills of cost, total reduction, and award.

Aemetis Advanced Fuels Keyes, Inc

| Objection | Response | Ruling |
|---|---|---|
| Video deposition of Kevin Howes | Withdrawn | Reduce by $592.50 |
| Deposition transcripts for Charlie O'Brien | Contested | Tax in full |
| E-discovery services | Agreed | Reduce by $1,030.85 |
| Research | Withdrawn | Reduce by $206.77 |

| Mediation | Withdrawn | Reduce by $257.49 |
| Travel and accommodation | Withdrawn | Reduce by $1504.55 |
| | Total reduction | $3,592.16 |
| | **Total award** | $1,896.21 |

Aemetis, Inc

| Objection | Response | Ruling |
| --- | --- | --- |
| Deposition transcript of Kevin Howes | Withdrawn | Reduce by $902.65 |
| Deposition transcripts for Charlie O'Brien | Contested | Reduce by $130.17 |
| Deposition transcript of Andrew Dorisio | Contested | Reduce by $258.55 |
| Video deposition of Todd Waltz | Withdrawn | Reduce by $275 |
| E-discovery services | Contested | Reduce by $1,030.85 |
| Pacer fees | Withdrawn | Reduce by $452.10 |
| Research | Withdrawn | Reduce by $3,466.26 |
| Mediation | Withdrawn | Reduce by $284.53 |
| Phone conference | Withdrawn | Reduce by $379.63 |
| Travel and accommodation | Withdrawn | Reduce by $1740.33 |
| | Total reduction | $8,531.35 |
| | **Total Award** | $2,306.87 |

Homeland Energy Solutions, LLC

| Objection | Response | Ruling |
| --- | --- | --- |
| Video deposition of Kevin Howes | Withdrawn | Reduce by $592.50 |
| Deposition transcripts for Charlie O'Brien | Contested | Award in full |
| Deposition transcript of Andrew Dorisio | Contested | Award in full |
| E-discovery services | Contested | Reduce by $371 |
| Pacer fees | Withdrawn | Reduce by $48.00 |
| Research | Withdrawn | Reduce by $3,335.45 |
| Mediation | Withdrawn | Reduce by $306.91 |
| Phone conference | Withdrawn | Reduce by $377.76 |
| Travel and accommodation | Withdrawn | Reduce by $747.48 |
| | Total reduction | $5,779.10 |
| | **Total Award** | $2,078.32 |

GEA Mechanical Equipment US, Inc.

| Objection | Response | Ruling |
|---|---|---|
| Service of summons or subpoena | Contested | Reduce by $772.26 |
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $29,885.53 |
| Services ordered for the convenience of counsel | Contested | Reduce by $400.35 |
| Video depos | Contested | Reduce by $23,016 |
| Printing | Contested | Reduce by $2,778 |
| | Total reduction | $56,852.14 |
| | **Total Award** | $31,920.07 |

Al-Corn Clean Fuel, LLC

| Objection | Response | Ruling |
|---|---|---|
| Service of summons or subpoena | Contested | Reduce by $186.26 |
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $35,194.58 |
| Video depos | Contested | Reduce by $16,988 |
| Printing | Contested | Tax in full |
| | Total reduction | $54,176.97 |
| | **Total Award** | $14,763.89 |

Blue Flint Ethanol LLC

| Objection | Response | Ruling |
|---|---|---|
| Service of summons or subpoena | Contested | Reduce by $590 |
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $29,539.57 |
| Video depos | Contested | Reduce by $9,145 |
| Printing | Agreed | Reduce by $3,475.99 |
| | Total reduction | $42,750.56 |
| | **Total Award** | $9,408.73 |

Heartland Corn Products, LLC

| Objection | Response | Ruling |
|---|---|---|
| Service of summons or subpoena | Contested | Reduce by $60.75 |
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $3,217.08 |
| Video depos | Contested | Reduce by $2,573.77 |
| Printing | Partially Agreed, partially Contested | Reduce by $3,276.55 |
| | Total reduction | $9,128.15 |
| | **Total Award** | $6,601.9 |

Bushmill Ethanol, Inc.

| Objection | Response | Ruling |
|---|---|---|
| Service of summons or subpoena | Contest | Reduce by $60.75 |
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contest | Reduce by $8,826.38 |
| Video depos | Contested | Reduce by $2,573.77 |
| Printing | Partially Agreed, partially Contested | Reduce by $948.08 |
| | Total reduction | $12,408.98 |
| | **Total Award** | $2,896.13 |

Chippewa Valley Ethanol Co. LLP

| Objection | Response | Ruling |
|---|---|---|
| Service of summons or subpoena | Contested | Reduce by $60.75 |
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $8,971.78 |
| Video depos | Contested | Reduce by $2,573.77 |

| | | |
|---|---|---|
| Printing | Partially Agreed, partially Contested | Reduce by $1,378.43 |
| | Total reduction | $12,984.73 |
| | **Total Award** | $2,923.13 |

United Wisconsin Grain Producers LLC

| Objection | Response | Ruling |
|---|---|---|
| Service of summons or subpoena | Contested | Reduce by $60.75 |
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $8,944.29 |
| Video depos | Contested | Reduce by $3,091.27 |
| Printing | Partially Agreed, partially Contested | Reduce by $1,378.43 |
| | Total reduction | $13,474.74 |
| | **Total Award** | $2,722.65 |

ICM, Inc.

| Objection | Response | Ruling |
|---|---|---|
| Service of summons or subpoena | Contested | Reduce by $1,110 |
| Costs incidental to depositions | Contested | Award in full |
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $55,242.35 |
| Video depos | Contested | Reduce by $33,033.50 |
| Witness fees | Contested | Reduce by $46.44 |
| Printing | Agree | Reduce by $23,424.25 |
| | Total reduction | $111,745.62 |
| | **Total Award** | $87,923.26 |

Lincolnway Energy, LLC

| Objection | Response | Ruling |
|---|---|---|
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $38,808.83 |
| Video depos | Contested | Reduce by $16,292.45 |
| Printing | Partially agree, partially Contested | Reduce by $1,790.30 |
| | Total reduction | $56,891.58 |
| | **Total Award** | **$19,254.85** |


Iroquois Bio-Energy Company, Inc.

| Objection | Response | Ruling |
|---|---|---|
| No costs for depo transcripts/ reduced to $3.65 per page for original and $0.90 per page for certified | Contested | Reduce by $36,086.67 |
| Video depos | Contested | Reduce by $18,796.13 |
| Exemplification | Contested | Award in full |
| Electronic records and legal research | Contested | Reduce by $4,922.02 |
| Postage and conference calls | Contested | Reduce by $7,217.72 |
| | Total reduction | $67,022.54 |
| | **Total Award** | **$14,021.20** |


Pacific Ethanol, Inc

| Objection | Response | Ruling |
|---|---|---|
| Deposition transcripts for Charlie O'Brien | Contested | Award in full |
| E-discovery services | Agree | Reduce by $14,872.25 |
| Pacer fees | Withdrawn | Reduce by $209.90 |
| Research | Withdrawn | Reduce by $5,143.90 |
| Fees to the clerk | Withdrawn | Reduce by $20 |
| Mediation | Withdrawn | Reduce by $518.64 |
| Phone conference | Withdrawn | Reduce by $379.63 |
| Travel and accommodation | Withdrawn | Reduce by $872.60 |
| | Total reduction | $22,016.92 |
| | **Total Award** | **$30,034.31** |

Pacific Ethanol Stockton, LLC

| Objection | Response | Ruling |
|---|---|---|
| Deposition transcripts for Charlie O'Brien | Contested | Award in full |
| Deposition transcripts for Andrew Dorisio | Contested | Award in full |
| Pacer fees | Withdrawn | Reduce by $31.30 |
| Research | Withdrawn | Reduce by $1,121.41 |
| Mediation | Withdrawn | Reduce by $302.23 |
| Phone conference | Withdrawn | Reduce by $377.75 |
| Travel and accommodation | Withdrawn | Reduce by $2,190.07 |
|  | Total reduction | $4,022.76 |
|  | **Total Award** | $1,516.71 |

SO ORDERED

ENTERED: January 15, 2020

                /s/ Robert L. Miller, Jr.
                Judge, United States District Court

Distribution:

All Electronically Registered Counsel of Record